**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4988

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOSE LUIS WILSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry M. Herlong, Jr., Senior District Judge. (8:10-cr-00997-HMH-1)

Submitted: April 19, 2012          Decided: April 24, 2012

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Luis Wilson pled guilty to assault on another inmate and was sentenced to thirty-seven months' imprisonment to run consecutively to his undischarged term of imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Wilson's sentence was reasonable. Wilson was advised of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a brief. We affirm.

Counsel does not direct our attention to any specific potential errors in Wilson's sentence. We review Wilson's sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we must first ensure that the district court committed no significant procedural error, such as failing to properly calculate the Sentencing Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. Id. at 51. "When imposing a sentence within the Guidelines . . . the [district court's] explanation need not be elaborate or lengthy because [G]uidelines sentences themselves are in many ways tailored to the individual and reflect

2

approximately two decades of close attention to federal sentencing policy." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted).

Once we have determined that the sentence is free of procedural error, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant demonstrates "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In this case, the district court adopted the advisory Guidelines range in the presentence report without objection from either party. The court then heard argument from counsel and allocution from Wilson as to the appropriate sentence. Counsel did not request a specific sentence but suggested that, despite the Guidelines' recommendation of a consecutive sentence, the sentence be run concurrently with the sentence Wilson was already serving. After considering the § 3553(a) factors and the advisory Guidelines, the court concluded that a consecutive sentence at the low end of the Guidelines range

3

adequately addressed the sentencing factors. Neither counsel nor Wilson offers any grounds to rebut the presumption on appeal that the within-Guidelines sentence was substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Wilson.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Wilson, in writing, of the right to petition the Supreme Court of the United States for further review. If Wilson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4